UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED** | * * * | |
| **VERSUS** | * * | **Judge** |
| **THE HONORABLE MAYOR LATOYA CANTRELL, IN HER OFFICIAL CAPACITY** | * * * * | **Magistrate** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1443, Defendant, the Honorable Mayor Latoya Cantrell ("Mayor Cantrell"), hereby appears[1] and removes the attached lawsuit, *"Voice of the Experienced v. the Honorable Mayor Latoya Cantrell, in Her Official Capacity,"* which was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, under Case Number 2023-010324, to the United States District Court for the Eastern District of Louisiana. *See* Exhibit A (Motion for Entry of Temporary Restraining Order and Preliminary Mandatory Injunction).

In support of this Notice of Removal, Mayor Cantrell avers the following:

### THE REMOVED CASE

1.  On Friday, September 1, 2023, Plaintiffs, Voice of the Experienced ("Plaintiffs"), filed a

    *Motion for Entry of Temporary Restraining Order And Preliminary Mandatory*

---

[1] Mayor Cantrell is making a special appearance specifically for the purpose of removing this action to Federal Court. This special appearance shall not be construed as a general appearance and shall not be construed as a waiver of any rights. The City reserves all rights to assert all defenses, including without limitation the right to assert all defenses and motions under Rule 12(b) of the Federal Rules of Civil Procedure.

      *Injunction* (the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana. This action bears the caption "*Voice of the Experienced v. the Honorable Mayor Latoya Cantrell, in Her Official Capacity*," and was assigned Case Number 2023-010324. A true and correct copy of the Petition is attached hereto as Exhibit "A."

2. Plaintiffs' lawsuit prays for a "temporary restraining order and preliminary injunction against Mayor Latoya Cantrell, in her official capacity as Mayor New Orleans, that enjoins the City of New Orleans from spending any of the $32 million appropriated on August 17, 2023, until the Budget for the City of New Orleans has been properly amended as requested by § 3-115 of the City's Home Rule Charter." Motion, p. 1 (Prayer for Relief, ¶ 1).

3. Plaintiff alleges that the Court should enter a TRO because "it has an interest in the democratic process the City must follow, but has circumvented, in order manage its annual budget. The City of New Orleans' Home Rule Charter ("Home Rule Charter" or "Charter") requests that any amendment to the City's budget be made by ordinance, meaning the City Council must first hold a hearing on the proposed ordinance at which the public may submit comment. . . [the City] did not submit a proposed ordinance to the City Council to reallocate $32 million to expand [Orleans Parish Justice Center], the City Council did not hold a public hearing at which the public's voice could be heard, and the City Council did not approve any an ordinance to amend the City's budget." Memorandum, p. 1.

4. The City is a party to the ongoing lawsuit regarding the expansion of the Orleans Parish Justice Center ("OJC"). *See Jones v. Gusman,* Case No. 12-859 (E.D. La. April 2, 2012 ("Consent Decree"). The Eastern District of Louisiana <u>ordered</u> the City to complete

        Phase III expansion of the OJC.  *See Jones,* No. 12-859, ECF. 1227 and 1403.  Judge North specifically stated "[t]he Court announced to the City and the parties that the Court intends a zero-tolerance policy from this date forward regarding any unjustified, unreasonable, or unnecessary delays in the completion of this long-planned project.  The Court will not tolerate any further 'delays' in this process based on alleged bureaucratic entanglements or processes that are entirely within the City's Control."  *See Jones,* No. 12-859, ECF. 1403, p. 2.  On August 17, 2023, the City reallocated $32 million from its capital budget "to complete Phase III."  *See Jones*, No. 12-859, ECF. 1643.

5. Plaintiff claims that the City reallocated the funds in violation of the City's Home Rule Charter because the Home Rule Charter outlines the process the City must follow when developing its annual capital projects budget.  Specifically, the Home Rule Charter mandates that the City Council approve the Capitol Budget via ordinance, and then only after public notice and hearing.  Memorandum, p. 1-2.  However, the City reallocated this funding without seeking an amendment to the Capitol Budget Ordinance or holding a public hearing in violation of the Home Rule Charter and Plaintiff's rights. Memorandum, p. 3-4.

6. Through the attached lawsuit, Plaintiff attempts to circumvent the rulings in *Jones v. Gusman*, USDC Docket No. 12-CV-859, and collaterally attack the Consent Decree's express mandate for the City to complete Phase III of the OJC.

7. Plaintiff's request for a temporary restraining order was denied on September 1, 2023.  However, the hearing was set on Plaintiff's preliminary injunction for Tuesday, September 5, 2023 at 9:30 a.m.  *See* Exhibit A.

8. Plaintiff's claims necessarily involve significant federal issues: The City's compliance with the Consent Decree, which was entered under federal law.

## SUBJECT MATTER JURISDICTION

9. This action is properly removed to this Court under 28 U.S.C. § 1441, and 28 U.S.C. § 1331 as Plaintiff's state court petition demands the Mayor and/or City Council be enjoined from compliance with the federal mandates of the consent decree.

## TIMING AND PROCEDURAL REQUIREMENTS

10. Removal of this action is timely under 28 U.S.C. § 1446(b)(1), because it is filed within 30 days of receipt by the City of Plaintiff's Motion for Entry of Temporary Restraining Order and Preliminary Mandatory Injunction on September 1, 2023.

11. Attached hereto *in globo* as Exhibit "B" is a docket sheet and copy of all pleadings in the court record in the Civil District Court for the Parish of Orleans, Louisiana, as of September 5, 2023.

12. Removal of this action from the Civil District Court for the Parish of Orleans is proper to the United States District Court for the Eastern District of Louisiana because the Eastern District of Louisiana includes Orleans Parish, as legislated in Title 28 U.S.C. § 98(b). *See* 28 U.S.C. § 1441(a) (providing that removal is proper "to the district of the United States for the district and division embracing the place where the action is pending.").

13. Concurrent with the filing of this Notice of Removal, the City is providing written notice to Plaintiffs through their counsel of record and to the state court, the Civil District Court for the Parish of Orleans, by filing and serving the Notice of Removal to State Court, a copy of which is attached hereto as Exhibit "C." *See* 28 U.S.C. § 1446(d).

## CONCLUSION

14. This Court has jurisdiction over this action because:

   a. This Notice is filed within 30 days of the City's receipt of Plaintiff's Petition alleging claims over which this Court has original and supplemental jurisdiction.

   b. This Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

**WHEREFORE**, the City respectfully requests that this Notice of Removal be deemed good and sufficient and that this Court assume full jurisdiction over this matter.

Respectfully submitted,

/s Renee Goudeau
**RENEE GOUDEAU, LSB #33157**
DEPUTY CITY ATTORNEY
REGOUDEAU@NOLA.GOV
**MARK DANIEL MACNAMARA, LSB #24532**
ASSISTANT CITY ATTORNEY
DMACNAMARA@NOLA.GOV
**CORWIN ST. RAYMOND, LSB # 31330**
CHIEF DEPUTY CITY ATTORNEY
CMSTRAYMOND@NOLA.GOV
**DONESIA TURNER, LSB # 23338**
CITY ATTORNEY
DONESIA.TURNER@NOLA.GOV
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

*Attorneys for Mayor Latoya Cantrell, in her official capacity*