UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VOICE OF THE EXPERIENCED | CIVIL ACTION |
| VERSUS | No. 23-5067 |
| LATOYA CANTRELL | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter to the Orleans Parish Civil District Court filed by plaintiff, Voice of the Experienced ("VOTE"). Defendant, Mayor LaToya Cantrell in her official capacity ("Mayor Cantrell"), opposes the motion.[2] For the reasons below, the Court defers ruling on the motion and orders the parties to file supplemental briefing regarding whether VOTE has Article III standing.

### I. BACKGROUND

This case involves the City of New Orleans' reallocation of funds for the construction of Phase III, an addition to the Orleans Justice Center required to bring the jail into compliance with the consent decree in *Jones v. Gusman*, E.D. La. Case No. 12-859. On September 1, 2023, VOTE filed a lawsuit in the Orleans Parish Civil District Court, seeking declaratory and injunctive relief against Mayor Cantrell in her official capacity based on the reallocation of $32 million from the City's capital

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 11.

budget to complete Phase III.[3] VOTE alleges that this reallocation was "in violation of the City's Home Rule Charter."[4] VOTE also moved for the entry of a temporary restraining order ("TRO") and a preliminary injunction. That same day, the Orleans Parish Civil District Court denied VOTE's request for a TRO and scheduled a hearing for September 5, 2023.[5]

Mayor Cantrell removed this matter to federal court on September 5, 2023, asserting that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because VOTE's state court petition "demands the Mayor and/or City Council be enjoined from compliance with the federal mandates of the consent decree."[6] VOTE now moves to remand this case to state court, asserting that this Court lacks subject matter jurisdiction because this case does not involve a federal question, but "concerns only municipal and state-law claims."[7]

## II. LAW & ANALYSIS

Pursuant to the federal removal statute, a civil action brought in a state court may be removed to the federal district court embracing the place where such action is pending so long as the federal courts have original jurisdiction over that action. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions

---

[3] R. Doc. No. 1-2 (VOTE's state-court petition for declaratory and permanent injunctive relief), at 50, ¶¶ 15–16.
[4] *Id.*
[5] R. Doc. No. 1-2, at 1.
[6] R. Doc. No. 1, ¶ 9.
[7] R. Doc. No. 5-1, at 3.

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This form of original jurisdiction is known as federal question jurisdiction.

Generally, "questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-53 (1908)). That rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry." *Id.* at 243–44. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Id.* at 244 (citing *Franchise Tax Bd. of the State of Cali. v. Constr. Laborers Vacation Trust for S. Cali.*, 463 U.S. 1, 10, (1983)).

The removing party "bears the burden of demonstrating that a federal question exists." *Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 764 (E.D. La. June 3, 2008) (Vance, J.) (citing *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 852 (5th Cir. 2018) (internal quotation omitted); *see also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("any contested issues of facts and any ambiguities of state law must be resolved in favor of remand" (quotation omitted)).

In *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), "the Supreme Court recognized that 'in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.'" *Mitchell v.*

*Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (quoting *Grable*, 545 U.S. at 312). "The *Grable* doctrine provides that, even when a state court petition pleads only state law causes of action, federal jurisdiction nonetheless exists 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Some courts have found that *Grable*'s four prongs are satisfied in the context of a third party's challenge to actions taken pursuant to a federal consent decree. *See, e.g.*, *Police Ass'n of New Orleans v. City of New Orleans*, 572 F. Supp.3d 265 (E.D. La. 2021) (Morgan, J.); *Los Angeles Police Protective League v. City of Los Angeles*, No. 08-00784, 2008 WL 11454760 (C.D. Cal. June 20, 2008), *aff'd* 314 F. App'x 72 (9th Cir. 2009).

However, even if the Court finds there is federal question jurisdiction pursuant to *Grable*, that is not the end of the inquiry with respect to the Court's subject matter jurisdiction. In a removed case, "[i]f at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. s 1447(c). Accordingly, in a removed case, the defendant, as the party invoking federal jurisdiction, bears the burden of establishing that all elements of jurisdiction—including Article III standing—existed at the time of removal. *Buras v. Hill*, No. 22-CV-753, 2023 WL 4234393, at *1 (E.D. Tex. June 28, 2023) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)).

To meet her burden of establishing this Court's subject matter jurisdiction, Mayor Cantrell must demonstrate that VOTE has Article III standing to bring this lawsuit in federal court. *See Buras*, 2023 WL 4234393, at *6 ("It is defendants' burden to show the Court has subject-matter jurisdiction, including as to Plaintiff's standing."); *see also White v. Garcia*, No. 22-CV-00746, 2022 WL 17968764, at *2 (N.D. Tex. Nov. 28, 2022), *R. & R. adopted*, 2022 WL 17968757 (N.D. Tex. Dec. 27, 2022)). If the Court finds that VOTE lacks Article III standing, then the Court lacks subject matter jurisdiction and it must remand the case to state court. *See id.* The parties have not submitted any briefing regarding VOTE's Article III standing.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Court's ruling on the motion to remand is **DEFERRED.**

**IT IS FURTHER ORDERED** that the parties shall file supplemental briefing regarding VOTE's standing to bring this lawsuit no later than **MONDAY, OCTOBER 9, 2023**. Any responses shall be filed no later than **WEDNESDAY, OCTOBER 11, 2023**.

New Orleans, Louisiana, October 2, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**