UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED** | * | **CIVIL ACTION NO. 23-CV-5067** |
| | * | **SECTION I** |
| | * | |
| **VERSUS** | * | **JUDGE:  Lance Africk** |
| | * | |
| **THE HONORABLE MAYOR** | * | **MAG: Michael North** |
| **LATOYA CANTRELL, IN HER** | * | |
| **OFFICIAL CAPACITY** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SUPPLEMENTAL MEMORANDUM

NOW INTO COURT, comes the Mayor LaToya Cantrell ("Mayor Cantrell"), who respectfully submits this supplemental memorandum pursuant to this Court's order issued on October 2, 2023.[1]

### LAW AND ARGUMENT

**I.  Legal Standard**

As this Court set forth in its most recent order, this Court case must be remanded to state court if it appears that the Court does not have subject matter jurisdiction over the matter.  The City is the party invoking federal jurisdiction; therefore, it is the City's burden to demonstrate that all of the elements of jurisdiction existed at the time of removal.[2] Essential to this burden is establishing that Voice of the Experience ("VOTE") has Article III standing to bring this lawsuit. The City submits that such standing exists.

---

[1] Rec. Doc. 26.
[2] See *Buras v. Hill*, No. 22-CV-753, 2023 WL 4234393, at *1 (E.D. Tex. June 28, 2023) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)).

**II. VOTE Has Suffered an Injury-In-Fact.**

An injury-in-fact is crucial to the analysis of Article III standing. To establish an injury-in-fact, a plaintiff must show an "invasion of an of a legally protected interest," that the interest is "concrete and particularized," and is "actual or imminent, not conjectural or hypothetical."[3] In its original petition, VOTE asserts that the action of the City "has deprived VOTE, its membership, and the general public of their statutory and constitutionally guaranteed right to participate in any public hearing concerning the Capital Budget" and VOTE's right to engage in the democratic process."[4] The City submits that VOTE has alleged the essential elements for under this analysis.

**A. VOTE's Injury Is Concrete and Particularized.**

Under Article III standing analysis, a "generalized interest in seeing that the law is obeyed" is not considered a "concrete or particularized injury sufficient to confer standing."[5] Further, an abstract right commonly shared with the public at large is insufficient.[6]

In *White v. Garcia*, the court held that standing did not exist where the plaintiff alleged that county officials had violated state and federal laws regarding the use of electronic voting systems. The court reasoned that merely requesting that a law be obeyed is insufficient to confer standing. To establish standing, complaints about a generalized law or procedures must allege a violation of a constitutionally protected right.[7]

As noted above, VOTE's petition alleges more that an interest in having the City Charter followed. VOTE specifically, concretely, and particularly alleged that the actions of the City deprived VOTE of its constitutionally guaranteed right to participate in a public hearing and

---

[3] *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992).
[4] Rec. Doc. 1 p. 16.
[5] *White v. Garcia,* 2022 WL 17968764 (2022) (Citing *Fed. Election Comm'n v. Adkins*, 524 U.S. 11, 24 (1998).
[6] *Id.* (Citing *Lance v. Coffman,* 549 U.S. 437, 441-442)
[7] *Id.*

engage in the democratic process. Given this, VOTE has met the element that its injury is "concrete and particularized."

### B. VOTE'S Has Alleged an Actual Injury.

A second inquiry regarding whether a plaintiff has established an injury-in-fact is whether the injury is actual or imminent, and not conjectural or speculative.[8] An injury is considered "actual or imminent" when it is "certainly impending. . .allegations of possible future injury are not sufficient."[9] The injury must be "imminent and not speculative."[10] Here, VOTE does not make a claim of speculative injury. Rather, VOTE complains of deprivation of rights that has occurred by the City's allocation of funds in a manner inconsistent with the City Charter. As such, it is an actual injury necessary to establish Article III standing.

## III. VOTE's Injury is Traceable to the City.

VOTE has alleged that the deprivation of its constitutional rights was directedly traceable to the City's actions in appropriating funds without complying with the provisions set forth in Sec. 3-115 of the City's Home Rule Charter. To establish Article III standing, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged actions of the defendant, and not the result of the independent action of some third party not before the court."[11] Here, VOTE has specifically averred that the City's actions directly caused its injuries.

## IV. A Favorable Decision from this Court would redress VOTE's Injury.

The last element of establishing Article III standing turns on whether a favorable decision would redress the defendant's injury. As this Court is only too aware, this case involves the

---

[8] *Lujan,* 504 U.S. 555, 560 (1992).
[9] *White, supra* (citing *Clapper v. Amnesty Int'l USA* 568, U.S. 398, 409 (2013).
[10] *Id.* (citing *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).
[11] *Lujan,* 504 U.S. 555, 560 (1992) (internal quotations omitted).

necessary construction of Phase III of the OJC and this Court has issued orders to the City to ensure that it is completed. VOTE takes issue with the City's interpretation of this Court's Orders. If the Court is inclined to agree with VOTE's interpretation, then its injury would be redressed by the Court's decision on the issue. As such, the third element for establishing Article III standing has been met.

**V. Conclusion**

To establish standing under Article III, the City bears the burden of demonstrating that the plaintiff plea (1) an injury in fact, (2) that the injury was traceable to the actions of the City, and (3) that the injury could be redressed by a favorable decision by the Court. As all elements have been met, this Court has jurisdiction over this matter. Remand should be denied.

Respectfully submitted,

/s *Mark D. Macnamara*
**MARK DANIEL MACNAMARA, LSB #24532**
ASSISTANT CITY ATTORNEY
DMACNAMARA@NOLA.GOV
**RENEE GOUDEAU, LSB #33157**
DEPUTY CITY ATTORNEY
REGOUDEAU@NOLA.GOV
**CORWIN ST. RAYMOND, LSB # 31330**
CHIEF DEPUTY CITY ATTORNEY
CMSTRAYMOND@NOLA.GOV
**DONESIA TURNER, LSB # 23338**
CITY ATTORNEY
DONESIA.TURNER@NOLA.GOV
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

*Attorneys for Mayor Latoya Cantrell, in her official capacity*